IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD J. CLARSON as ADMINISTRATOR of LOCAL No. 731, I. B. of T., EXCAVATORS AND PAVERS PENSION TRUST FUND, <br><br>and<br><br>LOCAL No. 731, I. B. of T., EXCAVATORS AND PAVERS PENSION TRUST FUND,<br><br>          Plaintiffs,<br><br>          v.<br><br>S & S MAINTENANCE, INC.,<br><br>          Defendant. | Case No.: 18-cv-417 |

## COMPLAINT

Plaintiffs, Richard J. Clarson ("Clarson") as Administrator of the Local No. 731, I. B. of T., Excavators and Pavers Pension Trust Fund and the Local No. 731, I. B. of T., Excavators and Pavers Pension Trust ("Fund") bring this complaint against S & S Maintenance, Inc. ("S&S" or "Company") and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461, to collect withdrawal liability, interest, and penalties and, as such, this Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

2. Venue lies in this court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Fund is administered by its Trustees at its principal place of business at 1000 Burr Ridge Parkway, Burr Ridge, Illinois, 60527.

### PARTIES

3. Plaintiff Clarson is the Administrator and a fiduciary of the Fund, a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

4. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), as a fiduciary, Clarson is authorized to bring this action on behalf of the Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

5. Defendant S&S was an Illinois corporation until its involuntary dissolution in 2013. On information and belief, its principal place of business was located in the State of Illinois in this district.

### FACTS

6. S&S has been an employer engaged in an industry affecting commerce and has been subject to successive collective bargaining agreements with the Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T., under which S&S has been required to make contributions to the Fund for each hour worked by its employees performing certain types of work described in the agreement.

7. In or around July of 2012, S&S permanently ceased performing the work for which it had been obligated to remit contributions to the Fund.

8. The Fund's actuaries determined that, under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b), S&S owes $67,560 in withdrawal liability due to its complete withdrawal from the Fund in July of 2012.

9. Through its attorneys, the Fund sent S&S a letter dated October 13, 2017 ("Notice and Demand") that notified the Company of its withdrawal liability. A copy of that letter is attached hereto as Exhibit A.

10. The Notice and Demand indicated that, while S&S's withdrawal liability would ordinarily be payable through 12 quarterly installments of $5,965 and a final installment of $1,066 with the first installment due by November 20, 2017, pursuant to the Fund's withdrawal liability procedures and ERISA Section 4219(c)(5)(B), the Fund accelerated S&S's withdrawal liability due to its dissolution and cessation of operations. Ex. A.

11. The Notice and Demand advised S&S that, due to the acceleration, its full $67,560 withdrawal liability was due by November 20, 2017. Ex. A.

12. The Notice and Demand also explained S&S's right to request review of the Fund's withdrawal liability determination within 90 days of receipt of the Notice and Demand and stated that S&S would be in default if it failed to remit payment to the Fund. Ex. A.

13. The Fund sent the Notice and Demand to S&S via United Parcel Service overnight delivery and United States Postal Service certified mail.

14. S&S's registered agent received the Notice and Demand on October 16, 2017 via certified mail, confirmed by a signed certified mail card.

15. S&S's President received the Notice and Demand via UPS on October 17, 2017, confirmed by UPS Tracking Number 1ZF354E82493038450.

16. S&S did not remit the $67,560 withdrawal liability payment by November 20, 2017 and has not remitted any withdrawal liability payments to the Fund as of the date this Complaint is filed.

## COUNT I
## LIABILITY FOR COMPLETE WITHDRAWAL UNDER ERISA § 4201
### S&S

17. Plaintiff incorporates by reference paragraphs 1 through 16 of this Complaint, as through fully set forth herein, as paragraph 17 of this Count I.

18. In or around July 2012, S&S effected a "complete withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

19. Due to this complete withdrawal, S&S incurred $67,560 in withdrawal liability to the Fund, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

20. The Notice and Demand provided S&S with the notice of withdrawal liability required by Sections 4202(2) and 4219(b) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b).

21. Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), provides that a default takes place upon the occurrence of "any other event defined in rules adopted by the plan which indicates a substantial likelihood that an employer will be unable to pay its withdrawal liability."

22. The Fund's Trustees have adopted rules defining events which indicate a substantial likelihood that an employer will be unable to pay its withdrawal liability. *See* Ex. A at Supplement A, Section XV(I)(2). Those events include "[t]he Employer's dissolution" and "[s]uch other event as the Trustees may determine indicates a substantial likelihood that the Employer will be unable to pay its withdrawal liability." *Id*.

4

23. Based on knowledge that S&S dissolved and ceased operating, the Fund's Trustees decided to accelerate S&S's withdrawal liability.

24. S&S is in default within the meaning of ERISA section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

25. S&S did not make a withdrawal liability payment to the Fund by November 20, 2017.

26. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), the Fund is entitled to immediate payment of the entire amount of S&S's outstanding withdrawal liability, plus accrued interest on that amount accruing from the date of the missed payment.

27. Pursuant to the Fund's procedures pertaining to withdrawal liability and Sections 502(g)(2) and 4301(b) of ERISA, the Fund is also entitled to payment of liquidated damages in an amount equal to the interest or 20% of the withdrawal liability, whichever is greater, and all attorneys' fees and costs that the Fund has incurred related to this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the following relief:

a. That, pursuant to Sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), judgment be entered in the Fund's favor and against S&S for: $67,560 in withdrawal liability; pre-judgment interest on the entire amount of withdrawal liability assessment beginning on the date of default, computed and charged at an interest rate equal to the P.B.G.C. rate reported by the Board of Governors of the Federal Reserve System as set forth in Statistical Release H.15; an amount equal to the greater of the interest on the unpaid withdrawal liability or liquidated damages equal to 20% of the unpaid withdrawal liability; and attorneys' fees and costs incurred by the Fund with respect to this matter;

b. All such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeremy M. Barr
Jeremy M. Barr
Attorney for the Plaintiffs

Jeremy M. Barr (ARDC# 6299047)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT,
CERVONE, AUERBACH & YOKICH
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361